UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROGER L. LYLES,

                Plaintiff,                Case No. 1:10-cv-528

v.                                            Honorable Paul L. Maloney

DELORES CROSBY et al.,

                Defendants.
_____/

## **ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court issued an opinion, order and judgment dismissing Plaintiff's action on August 26, 2010. This matter now is before the Court upon Plaintiff's motion for relief from judgment brought pursuant to FED. R. CIV. P. 60(b) (docket #34).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of the first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Petitioner's motion specifies subsection (1) and (6).

In his motion for relief from judgment, Plaintiff continues to argue that he was entitled to a hearing before he was classified to segregation for six days (Count I) and before he was placed on room confinement (Count III) for forty-eight days. With regard to Count III, Plaintiff further contends that the Court erred by stating in its opinion that he was on "unemployable status" rather than "room confinement." Plaintiff asserts that unemployable status and room confinement are not the same thing, though he does not allege how they differ. Nor does Plaintiff allege that the conditions of his room confinement were more restrictive than unemployable status. As thoroughly explained in the Court's opinion, Plaintiff's placement on segregation status or other type of cell restriction does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and, thus, does not implicate a protected liberty interest requiring due process. *See Sandin v. Conner*, 515 U.S. 472, 483 (1995).

Plaintiff also argues that the Court erred by dismissing Count II of his complaint on the ground that his claims were barred by the three-year statute of limitations set forth in MICH. COMP. LAWS § 600.5805(10). In support of his argument, Plaintiff cites cases that rely on MICH. COMP. LAWS § 600.5851, which suspends limitations periods for persons under certain legal disabilities until one year after the disability has been removed. The statute formerly included imprisonment as a legal disability, but effective April 1, 1994, the Michigan legislature amended the statute to abolish imprisonment as a disability that would toll the accrual of the statute of limitations. *See Manning v. Bolden*, 25 F. App'x 269, 271 (6th Cir. 2001). Plaintiff's claim accrued at least ten years after the statute was amended. Consequently, Plaintiff is not entitled to tolling of the statute of limitations due to his imprisonment.

Plaintiff has failed to show that he is entitled to relief for any of the reasons set forth in FED. R. CIV. P. 60(b). Therefore:

IT IS ORDERED that Plaintiff's motion for relief from judgment (docket #34) is DENIED.


Dated: September 23, 2010 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge